

FILED

MAR 3 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MICHAEL KERZNER,**

    **Plaintiff,**

v.                                              **CIVIL ACTION NO. 2:19-cv-618**

**HOME DEPOT, U.S.A., INC.,**

    **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Home Depot U.S.A., Inc.'s ("Home Depot") Motion to Dismiss Michael Kerzner's ("Kerzner") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 14–15. Home Depot has requested oral argument on its Motion to Dismiss. ECF No. 16. Having reviewed the Parties' filings in this case, the Court finds that this matter is ripe for judicial determination and a hearing on the Motion to Dismiss is not necessary. Accordingly, Home Depot's request for oral argument is **DENIED**. For the reasons set forth below, Home Depot's Motion to Dismiss Count I of the Amended Complaint is **DENIED**. Home Depot's Motion to Dismiss Count II of the Amended Complaint is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The undisputed facts of this case are as follows. On October 24, 2016, Kerzner went shopping at the Home Depot located at 3352 Virginia Beach Boulevard in Virginia Beach. As Kerzner was loading his purchases into his vehicle in the parking lot, Sabry Lauren Causey ("Causey") ran over a curbed median with her vehicle and struck Kerzner. Kerzner suffered severe injuries from the accident, including the loss of one of his legs.

1

On December 13, 2019, the Court granted Kerzner's Motion for Leave to File an Amended Complaint, which included the Amended Complaint itself. ECF Nos. 9, 10, 13. On December 30, 2019, Home Depot filed a Motion to Dismiss Kerzner's Amended Complaint and requested oral argument on the matter. ECF Nos. 14–15, 16. On January 13, 2020, Kerzner responded in opposition to the Motion to Dismiss. ECF No. 17. On January 20, 2020, Home Depot replied to Kerzner's response. ECF No. 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court ("Supreme Court") has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court should consider the sufficiency of the factual allegations in the complaint, but not the underlying evidentiary support for such factual allegations. Fed. R. Civ. P. 12(d).

## III. DISCUSSION

As an initial matter, the Court will not consider the report submitted by Kerzner in his response to Home Depot's Motion to Dismiss. ECF No. 17-1. The report contains opinions on the merits of Kerzner's case and is irrelevant to the sufficiency of the Amended Complaint itself. Therefore, the Court will only consider the factual allegations advanced by the Amended Complaint in its resolution of Home Depot's Motion to Dismiss.

In his Amended Complaint, Kerzner advances two theories for the imposition of liability on Home Depot: (1) Home Depot failed in its duty of ordinary care to Kerzner by failing to keep its parking lot safe for pedestrians ("Count I" or "the negligence claim"); and (2) Home Depot failed to comply with the Manual on Uniform Traffic Control Devices ("MUTCD"), placing it in violation of 23 C.F.R. 655 ("Count II" or "the negligence *per se* claim"). As a factual matter, the Amended Complaint contends that Home Depot was required to maintain higher curbs and clearly stripe the center line of the road leading to its premises.

### A. The Negligence Claim

Negligence cannot be presumed solely because an accident occurred. *Arthur v. Crown Cent. Petroleum Corp.*, 866 F. Supp. 951 (E.D. Va. 1994) *citing Murphy v. J.L. Saunders, Inc.*, 121 S.E.2d 375, 375 (Va. 1961). An owner of a business has a duty to exercise ordinary care to ensure that the premises are reasonably safe for all customer invitees. *Franconia Assocs. v. Clark*, 463 S.E. 2d 670, 672, 673 (Va. 1995). In order to properly state a claim for negligence, a plaintiff must plead the following elements: (1) a legal duty on the part of the defendant; (2) breach of that duty; (3) a showing that the defendant's breach of the duty was the proximate cause of plaintiff's injury; and (4) defendant's breach resulted in damage to the plaintiff. *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006). A business is only liable for negligence if

it could have reasonably anticipated that a condition on its premises could cause injury to invitees. *Indian Acres of Thornburg, Inc. v. Denion*, 213 S.E.2d 797, 799 (Va. 1975).

It is undisputed that Home Depot owed Kerzner a duty of ordinary care as a business invitee and that Kerzner was injured by Causey's vehicle in Home Depot's parking lot, which satisfies the first and fourth elements of a negligence claim. *See* ECF No. 17 at 2–3; ECF No. 18 at 4. Therefore, the parties contest whether the Amended Complaint contains sufficient allegations to satisfy the second and third elements. The practical question is whether Home Depot's legal duty included an obligation to maintain its access road and parking lot differently under the circumstances alleged in the Amended Complaint.

The Amended Complaint alleges that Causey did not realize that there was a curve in the access road leading to Home Depot's parking lot because there were no center-line markings to warn her. ECF No. 9-1 at ¶¶ 25, 27. The Amended Complaint further alleges that Causey drove over the median and hit Kerzner due to the unanticipated curve, in combination with a median that did not respond to the danger the curve posed. *Id.* at ¶¶ 27–29. Kerzner claims that Home Depot was required to use center-line markings and construct a higher and more visible median under the circumstances presented by the curve in its access road. *Id.* at ¶¶ 36, 40. In essence, the Amended Complaint alleges that the curve in the access road is the dangerous condition that was ignored by Home Depot and caused Kerzner's injury. *See* ECF No. 17 at 4–5. This allegation constitutes a breach of Home Depot's duty of ordinary care, satisfying the second element of the negligence claim.

While Kerzner concedes that Home Depot's duty relative to the allegedly dangerous curve is ultimately a question of proximate cause, the Amended Complaint does offer allegations that the lack of safety precautions is within Home Depot's legal responsibility. *See id.* at 3–4.

4

Specifically, Kerzner alleges that Causey unwittingly struck him with her car because of Home Depot's lack of safety precautions, not because of Causey's poor driving. ECF No. 9-1 at ¶¶ 25–30. Further, the Amended Complaint offers Home Depot's site plans to demonstrate that it was on notice of the dangerous condition presented by the curve. Despite the notice alleged by the Amended Complaint, Kerzner theorizes that Home Depot chose to ignore the dangerous condition by failing to plant trees on the curbed island on the access road, using shorter curbs, and failing to stripe the access road to warn drivers about the curve. In sum, Kerzner uses the site plans to show that Home Depot was aware of the hazards the curved access road presented under his negligence theory. This allegation satisfies the third element of negligence pleading and the associated notice requirement.

Home Depot submits a fundamentally different understanding of the Amended Complaint. First, Home Depot characterizes Causey as a negligent or even reckless driver who lost control of her vehicle before she hit Kerzner. *See* ECF No. 15 at 1 ("Causey abruptly turned into the Store's parking lot…and, without slowing down or using the proper entry way, struck and ran over the curbed median before ultimately hitting and injuring Plaintiff") *See also* ECF No. 18 at 4 ("the dangerous condition that injured Plaintiff was a negligently driven vehicle"). Home Depot uses these factual allegations to contend that it is not liable for the physical harm Causey's vehicle caused by analogizing Kerzner's injury to a third-party assault. *Id.* Home Depot also submits that "business owners should not be held liable for injuries caused by out-of-control vehicles in their parking lots" as a matter of law. ECF No. 18 at 5. In effect, Home Depot changes the dangerous condition at issue in the Amended Complaint from the curved access road (for which it is responsible) to Causey, the condition of the curb itself, or the lack of road stripe in isolation (conditions for which it would not be responsible, absent a special relationship and factual

5

allegations not present here). However, the Amended Complaint does not mention the safety of Causey's turn or the speed of her vehicle prior to the accident. The Court will not assume facts that are not in the Amended Complaint. *Iqbal*, 556 U.S. at 678. Additionally, Kerzner does not allege that his injury came from an assault by Causey (or any other third party), was a result of Causey's poor driving, or occurred just because of the curb or lack of road stripe. Such inferences in favor of Home Depot would be inappropriate in the Court's consideration of the Motion to Dismiss.

Home Depot further argues that it was not on notice that any motorist might drive across the median because no such incident had previously occurred. ECF No. 15 at 4. However, a previous accident is not the only method of proving a defendant's notice. For instance, a plaintiff in a slip-and-fall case need not prove that someone else slipped and fell on an earlier occasion to sustain a negligence claim. *See e.g. Austin v. Shoney's, Inc.* 486 S.E. 2d 134, 138–39 (Va. 1997) (holding that a defendant may be placed on notice of a dangerous condition with the existence of a "grease-like film that rendered [a] surface slippery"). However, the discrepancies related to the cause of the accident are an issue of fact that cannot be resolved at the Motion to Dismiss stage. Accordingly, Home Depot's Motion to Dismiss Count I of the Amended Complaint is denied.

### B. The Negligence *Per Se* Claim

In order to sustain a claim of negligence *per se*, a plaintiff must plead the following: (1) the defendant violated a statute that was enacted for public safety; (2) the plaintiff belongs to the class of persons the statute was intended to protect and suffered the type of harm the statute was intended to prevent; and (3) the defendant's statutory violation was a proximate cause of the plaintiff's injury. *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823, 825 (internal citations

omitted). The MUTCD acts with the force of law through 23 C.F.R. 655.603 as the national standard for designing, applying, and planning traffic control devices.

Kerzner alleges that Home Depot violated 23 C.F.R. 655 by failing to comply with Section 3B.01 of the MUTCD. However, the Amended Complaint does not make the factual allegations necessary to show Home Depot violated any part of the MUTCD. The Amended Complaint does not even articulate how the MUTCD applies to the access road leading to Home Depot's parking lot (for example, allegations about which direction(s) the access road goes, whether it has multiple lanes, or how many cars travel over it). Further, the standard for center line pavement markings in Section 3B.01 is permissive in some respects and mandatory in others. More importantly, center line pavement markings are not even required in all circumstances. *See* MUTCD § 3B.01 ("center line pavement markings, *when used*, shall be pavement markings used to delineate the separation of traffic lanes that have opposite directions of travel on a roadway and shall be yellow"); MUTCD § 3B.09 (describing the standards for required center line markings). The Amended Complaint fails with regard to Count II because of its complete lack of specificity in the factual allegations supporting the claim that Home Depot violated the MUTCD. Accordingly, the Amended Complaint fails to meet the first prong of the negligence *per se* test. Therefore, Home Depot's Motion to Dismiss Count II of the Amended Complaint is granted.

## IV. CONCLUSION

Home Depot's Motion to Dismiss Count I of the Amended Complaint is **DENIED**. Home Depot's Motion to Dismiss Count II of the Amended Complaint is **GRANTED**. The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March /3, 2020

Raymond A. Jackson
United States District Judge